UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MISSOURI UNITED SCHOOL INS. COUNCIL, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:10CV130 RWS |
| LEXINGTON INSURANCE CO., et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER OF REMAND

Plaintiff MUSIC, an insurance company, filed this action for declaratory judgment in state court against two insurance companies (Lexington and Horace Mann) and Russell Hough, the insured. The state court petition alleges that, as a result of an underlying tort action brought against Hough, a coverage dispute has arisen between MUSIC and the defendant insurance companies. MUSIC alleges that it is providing a defense to Hough in the underlying tort action subject to a reservation of rights, that Lexington agreed to do the same but has failed to do so, and that Horace Mann is also obligated to provide coverage to Hough in the underlying tort action but has failed and refused to do so. The state court petition seeks a declaration that Lexington and Horace Mann have a duty to indemnify and defend Hough against the claims in the underlying tort action, and it also prays for a determination of the insurers' obligation for such defense and indemnity and "for such other and further relief" as the court deems necessary. Hough is a Missouri resident, but Lexington removed the case to this Court anyway, alleging diversity jurisdiction. Lexington claims that Hough has been fraudulently joined to defeat diversity jurisdiction, or alternatively, that he should be realigned as a party plaintiff. MUSIC

moves for remand. Because I lack subject-matter jurisdiction over this action, the motion for remand will be granted for the reasons that follow.

Discussion

28 U.S.C. § 1441(b) allows a defendant to remove a civil action from state court to federal court based on diversity jurisdiction only if none of the properly joined defendants are citizens of the state on which the original action was filed. Applied here, I lack jurisdiction over this case if one of the defendants is citizen of Missouri. 28 U.S.C. § 1441(b); Hurt v. Dow Chem. Co., 963 F.2d 1142, 1145 (8th Cir. 1992). The defendant, as the party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied. See In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of remand. Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997).

Removal will not be defeated, however, by collusive or fraudulent joinder of a resident defendant. See Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir. 1983). When a party seeking removal alleges fraudulent joinder, the removing party bears the substantial burden of proving the alleged fraud. See Parnas v. General Motors Corp., 879 F. Supp. 91, 92 (E.D. Mo. 1995). To establish that a resident defendant has been fraudulently joined, the removing party must show that: (I) there is no possibility the plaintiff would be able to establish a cause of action against the resident defendant in state court; or (ii) there has been outright fraud in the plaintiff's pleadings of jurisdictional facts. Monroe v. Consolidated Freightways, Inc., 654 F. Supp. 661, 662-63 (E.D. Mo. 1987). Any contested fact issues must be resolved in favor of the plaintiff.

- 2 -

See id. at 663 (citation omitted).

Lexington argues that Hough has been fraudulently joined to defeat diversity jurisdiction. In support of removal, Lexington points out that MUSIC's state court petition alleges no specific claims for relief against Hough and that MUSIC is currently defending Hough in the underlying action. In response, MUSIC correctly notes that for purposes of determining whether a defendant has been fraudulently joined, the test focuses on whether the plaintiff could state a claim against the resident defendant, "not on the artfulness of the pleadings." See Wilkinson v. Shackleford, 478 F.3d 957, 964 (8th Cir. 2007) (internal quotation marks omitted). "A joinder is fraudulent only when there exists no reasonable basis in fact and law support a claim against the resident defendants." Id. As the alleged insured under the insurance policies issued by MUSIC, Lexington, and Horace Mann, Hough is properly joined as a defendant in this declaratory judgment action.

Rule 87.04 of the Missouri Rules of Civil Procedure applies to declaratory judgment actions such as this one and provides that "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings." Here, Hough's rights would certainly be affected by a declaration of the insurance companies' respective rights and obligations under the insurance agreements because there has been a denial of coverage to the insured by Lexington and Horace Mann, and MUSIC is providing a defense subject to a reservation of rights. Under Missouri law, "an insurance company can effect a proper reservation of rights when the company provides notice an insured that its defense of an action should not be construed as a waiver of any policy defense and the insured accepts the

defense of the action without protest and with full knowledge of the position of the insurance company of its right to assert non-liability." Atlanta Casualty Co. v. Stephens, 825 S.W.2d 330, 333 (Mo. Ct. App. 1992). "Such a reservation of rights puts the insured on notice that there may be a conflict between the insured's interests and those of the insurance company and that the insured may be exposed to personal liability not covered by insurance." Id. "Furthermore, if the insured agrees to the insured's assumption of the defense under a reservation of rights, the insurer is entitled to bring an action for declaratory judgment as to its obligation in the underlying litigation." Safeco Ins. Company of America v. Rogers, 968 S.W.2d 256, 258 (Mo. Ct. App. 1998). Because Missouri law permits an insurer (MUSIC) to bring a declaratory judgment action against its insured (Hough) under these circumstances, there is a reasonable basis to support a claim by MUSIC against Hough, "which is all that is required to defeat a fraudulent joinder challenge." Wilkinson, 478 F.3d at 964.

In the alternative, Lexington contends that Hough should be realigned as a plaintiff. If Hough were realigned as a plaintiff, complete diversity of citizenship would exist and removal would be proper. Lexington argues that Hough should be realigned as a plaintiff because MUSIC is already providing a defense to Hough, whereas Lexington and Horace Mann are not. In the Eighth Circuit, to determine whether to realign Hough as a plaintiff I must decide whether any actual and substantial conflict exists between MUSIC and Hough, regardless of whether it concerns the primary issue in dispute. See Universal Underwriters Ins. Co. v. Wagner, 367 F.2d 866, 870 (8th Cir. 1966); Hartford Accident and Indemnity Co. v. Doe Run Resources Corp., 2009 WL 1067209, *3 (E.D. Mo. April 21, 2009). As discussed above, such a conflict does exist in this case. MUSIC is providing a conditional defense to Hough under a reservation of rights,

which under Missouri law establishes that the parties have a genuine dispute about the existence and extent of MUSIC's coverage obligations. Just because Hough may have an interest in MUSIC and/or the other insurance companies providing coverage does not make Hough aligned with MUSIC as a plaintiff. Because an actual and substantial controversy exists between MUSIC and Hough, realignment of the parties is not required.

Hough was properly joined as a defendant in this case and is a citizen of the State of Missouri. Construing removal statues strictly, as I must, I find that 28 U.S.C. § 1441(b) bars the removal of this lawsuit. This case was improperly removed to federal court, and I am without jurisdiction to hear the case. See Hurt, 963 F.2d at 1146.

Accordingly,

**IT IS HEREBY ORDERED that** plaintiff's motion to remand [#7] is **GRANTED**, and this action is remanded to the Circuit Court for the City of St. Louis under 28 U.S.C. § 1447(c).

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 24th day of March, 2010.